UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
WINDZER FLEURISSAINT,

                                                                                           03 Cr. 0906 (RPP)
                          Defendant-Petitioner,       05 Civ. 9027 (RPP)

        -against -                                                  **OPINION & ORDER**

UNITED STATES OF AMERICA,

                               Plaintiff-Respondent.
------------------------------------------------------X

**ROBERT P. PATTERSON, JR., U.S.D.J.**

The Petitioner, Windzer Fleurissaint ("Fleurissaint"), proceeding pro se and presently subject to a sentence of 106 months imprisonment imposed by this Court on January 20, 2005, seeks to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 on the ground that he was sentenced in violation of the Fifth and Sixth Amendments of the United States Constitution.

For the reasons set forth below, Fleurissaint is granted a hearing on February 9, 2007 in Courtroom 24A, 500 Pearl Street, New York, New York at 9:30 a.m.

## BACKGROUND

On September 23, 2004, a jury convicted Fleurissaint on all five Counts of a Superseding Indictment. On October 4, 2004, Fleurissaint filed a Rule 29 motion for judgment of acquittal on Count Five of the Superseding Indictment, which this Court granted on January 19, 2005. On January 20, 2005, this Court sentenced Fleurissaint to 106 months of imprisonment. (Sentencing Tr. 41.) Fleurissaint received forty-six months imprisonment for Counts One, Two and Four, to be served concurrently. (Id.)

On Count Three, Fleurissaint was sentenced to sixty months of imprisonment consecutive to Count One as required by statute.  Id.

On August 15, 2005, Fleurissaint, proceeding pro se, petitioned this Court to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  Fleurissaint alleges that this Court erroneously applied mandatory sentence enhancements according to United States Sentencing Commission guidelines (the "Guidelines"), which were ruled unconstitutional in United States v. Booker, 543 U.S. 220 (2005) ("Booker/Fanfan").  (Pet'r Mem. 6-25.)   Fleurissaint further urged the Court to consider his remarkable efforts at post-conviction rehabilitation as a factor in his re-sentencing.  (Id. at 26-31.)

On November 1, 2005, the Government filed a letter in opposition to Fleurissaint's petition arguing in part that Fleurissaint was barred from challenging his sentence based on Booker/Fanfan because he failed to file a direct appeal raising that claim.  (Gov. Letter at 3-4.)  On April 11, 2006, Fleurissaint filed a Reply in which he raised an ineffective assistance claim against his trial counsel.  (Pet'r Reply Mem. 4.)  Specifically, Fleurissaint charges his former counsel with failing to file a direct appeal and failing to object to the application of enhancements to his sentence.

**DISCUSSION**

**I.     Standard of Review**

Because Fleurissaint proceeds as a pro se petitioner, his submissions to this Court are "liberally construed in his favor." Simmons v. Abruzzo, 49 F.3d 83, 87 (2d Cir. 1995), citing Haines v. Kerner, 404 U.S. 519, 520 (1972), and read "to raise the strongest

arguments that they suggest." Graham v. Henderson, 89 F.3d 75, 79 (2d Cir. 1996) (citation omitted).

## II.     Withdrawal of Fleurissaint's Appeal

The Sixth Amendment right to effective assistance of counsel extends to the first appeal as of right. Evitts v. Lucey, 469 U.S. 387 (1985). In order to succeed on such a claim, Petitioner (1) "must show that counsel's performance was deficient" and (2) "must show that the deficient performance prejudiced" Petitioner. Strickland v. Washington, 466 U.S. 668, 687 (1984). The right to effective counsel "may in a particular case be violated by even an isolated error of counsel if that error is sufficiently egregious and prejudicial." Murray v. Carrier, 477 U.S. 478, 496 (1986); see also United States v. Cronic, 466 U.S. 648, 657 (1984); Strickland, 466 U.S. at 693-96.

United States v. Booker, 543 U.S. 220 (2005), was decided on January 12, 2005, days before the Court sentenced Fleurissaint on January 20, 2005 to 106 months in prison, the low end of the 106 to 117 month Guidelines sentencing range calculated in the Presentence Report. On February 2, 2005 the Second Circuit Court of Appeals decided United States v. Crosby, 397 F.3d 103 (2d Cir. 2005). The Crosby court held that when selecting a sentence, the sentencing judge commits error in violation of 18 U.S.C. § 3553(a) – the statute governing factors to be considered in sentencing – "if the judge failed to 'consider' the applicable Guidelines range (or arguably acceptable ranges) as well as the other factors listed in section 3553(a), and instead simply selected what the judge deemed an appropriate sentence without such required consideration." 397 F.3d at 115. Following the decision in Crosby, Fleurissaint's trial counsel, on February 10, 2005, filed a notice of appeal, but subsequently withdrew that appeal on March 16, 2005.

In cases pending on appeal prior to Booker/Fanfan, the Second Circuit adopted the procedure of remanding such cases for the sentencing judge to consider the Guidelines and all of the other factors listed in Section 2553(a). Crosby, 397 F.3d at 113. This Court's review of the sentencing transcript of January 20, 2005 reflects that the Court – although aware of the Booker/Fanfan decision – selected what it deemed to be a reasonable sentence after consideration of the Guidelines calculation but did not state it had considered all the language in section 3553(a). Thus its sentence did not comply with the Crosby requirements.

Prior to the trial, during the trial, and following the trial, Fleurissaint's counsel's performance was not deficient; to the contrary, he provided excellent representation. With respect to the withdrawal of Fleurissaint's appeal on March 16, 2005, however, it is possible that, in the light of the Second Circuit's decision in Crosby, counsel's performance was deficient causing prejudice to Fleurissaint under the two-prong test promulgated in Strickland v. Washington, 466 U.S. 668 (1984).

Accordingly, a hearing will be held on February 9, 2007 in Courtroom 24A, 500 Pearl Street, New York, New York at 9:30 a.m. to determine whether Fleurissaint's sentence should be reconsidered. See Massaro v. United States, 538 U.S. 500, 505-06 (2003).

IT IS SO ORDERED

Dated: New York, New York
January 12, 2007

*[signature]*

Robert P. Patterson, Jr.
U.S.D.J

4

Copies of this Order sent to:

Shearman & Sterling LLP
599 Lexington Avenue
New York, NY 10022-6069
By:   Tai H. Park
Tel:   212-848-5364
Fax:   212-848-7179

*Pro Se Office*

*Petitioner*
Windzer Fleurissaint
#16216-179
FCI Beaumont
P.O. Box 26040
Beaumont, TX  77720

*Respondant*
Michael J. Garcia, United States Attorney
Southern District of New York
One St. Andrew's Plaza
New York, NY 10007
Attn:  Katherine A. Lemire
Tel:   212-637-2532
Fax:   212-637-2937